IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


TAMMARRA GOULD,                               )    Civil No.: 6:14-cv-02055-JE
                                              )
                          Plaintiff,          )     OPINION AND
                                              )    ORDER
              v.                              )
                                              )
CAROLYN A. COLVIN,                            )
Acting Commissioner of Social Security,       )
                                              )
                          Defendant.          )
_____ )

        Rory Joseph Linerud
        Linerud Law Firm
        P.O. Box 1105
        Salem, OR 97308-1105

               Attorney for Plaintiff

        Billy J. Williams, Acting U.S. Attorney
        Janice Hebert, Asst. U.S. Attorney
        1000 S.W. 3rd Avenue, Suite 600
        Portland, OR 97204

        Sarah Martin, Special Asst. U.S. Attorney
        Jeffrey Staples, Special Asst. U.S. Attorney
        Office of the General Counsel
        Social Security Administration
        701 5th Avenue, Suite 2900 M/S 221 A
        Seattle, WA 98104-7075

               Attorneys for Defendants

OPINION AND ORDER – 1

JELDERKS, Magistrate Judge:

Plaintiff Tammarra Gould brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying her application for supplemental security income (SSI) under the Social Security Act (the Act). Plaintiff seeks an Order remanding the action to the Social Security Administration (the Agency) for an award of benefits. In the alternative, Plaintiff seeks an Order remanding the action for further proceedings.

For the reasons set out below, the Commissioner's decision is affirmed.

## **Procedural Background**

Plaintiff previously filed applications for SSI and a period of disability and disability insurance benefits in December, 2005, alleging she had been disabled since September 26, 2004. After a hearing, and in a decision dated June 10, 2009, an Administrative Law Judge (ALJ) issued a decision finding claimant not disabled under the Act as of the date of his decision. Tr. 116. The Appeals Council then denied review Tr. 117. That decision was not appealed and its findings are, therefore, final.

Plaintiff filed the current application for SSI on April 20, 2010, alleging she had been disabled since June 9, 2009.

After her claim was denied initially and upon reconsideration, Plaintiff timely requested an administrative hearing.

On November 16, 2012, a hearing was held before ALJ Marilyn Mauer, during which Plaintiff and impartial medical expert, William DeBolt, M.D., testified. Plaintiff was represented by counsel.

OPINION AND ORDER – 2

ALJ Mauer then continued the hearing in order for Plaintiff to undergo a consultative neuropsychological evaluation. ALJ Mauer held a second hearing on June 25, 2013. Plaintiff; impartial medical expert, Arthur Lewy, Ph.D.; and Kay Wise, a Vocational Expert (VE); testified at the hearing. Plaintiff was again represented by counsel.

In a decision dated July 11, 2013, ALJ Mauer found that Plaintiff was not disabled within the meaning of the Act.

On October 24, 2014, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. In the present action, Plaintiff challenges that decision.

**Background**

Plaintiff was born in 1973 and was 40 years old at the time of the hearing in front of the ALJ. She graduated from high school and attended some college. She has past relevant work as a caregiver for disabled adults and a retail sales clerk.

**Disability Analysis**

The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  20 C.F.R. §§ 404.1520, 416.920.  Below is a summary of the five steps, which also are described in Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Step One.  The Commissioner determines whether the claimant is engaged in substantial gainful activity (SGA).  A claimant engaged in such activity is not disabled.  If the claimant is not engaged in substantial gainful activity, the Commissioner proceeds to evaluate the claimant's case under Step Two.  20 C.F.R. § 404.1520(b).

Step Two.  The Commissioner determines whether the claimant has one or more severe

impairments.  A claimant who does not have such an impairment is not disabled.  If the claimant

has a severe impairment, the Commissioner proceeds to evaluate the claimant's case under Step

Three.  20 C.F.R. § 404.1520(c).

Step Three.  Disability cannot be based solely on a severe impairment; therefore, the

Commissioner next determines whether the claimant's impairment "meets or equals" one of the

presumptively disabling impairments listed in the Social Security Administration (SSA)

regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1.  A claimant who has such an impairment

is disabled.  If the claimant's impairment does not meet or equal an impairment listed in the

regulations, the Commissioner's evaluation of the claimant's case proceeds under Step Four.

20 C.F.R. § 404.1520(d).

Step Four.  The Commissioner determines whether the claimant is able to perform

relevant work he or she has done in the past.  A claimant who can perform past relevant work is

not disabled.  If the claimant demonstrates he or she cannot do work performed in the past, the

Commissioner's evaluation of the claimant's case proceeds under Step Five.  20 C.F.R.

§ 404.1520(f).

Step Five.  The Commissioner determines whether the claimant is able to do any other

work.  A claimant who cannot perform other work is disabled.  If the Commissioner finds that

the claimant is able to do other work, the Commissioner must show that a significant number of

jobs exist in the national economy that the claimant can do.  The Commissioner may satisfy this

burden through the testimony of a vocational expert (VE) or by reference to the Medical-

Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2.  If the Commissioner

demonstrates that a significant number of jobs exist in the national economy that the claimant

can do, the claimant is not disabled.  If the Commissioner does not meet this burden, the claimant

is disabled. 20 C.F.R. § 404.1520(g)(1).

At Steps One through Four, the burden of proof is on the claimant. <u>Tackett</u>, 180 F.3d at 1098. At Step Five, the burden shifts to the Commissioner to show that the claimant can perform jobs that exist in significant numbers in the national economy. <u>Id.</u>

## **Medical Record and Testimony**

The court has carefully reviewed the medical record and testimony and the parties are familiar with both. Accordingly, the details of that evidence will be set out below only as they are relevant to the issues before the court.

## **ALJ's Decision**

As an initial matter and consistent with <u>Chavez v. Bowen</u>, 844 F.2d. 691 (9th Cir. 1988) and Acquiescence Ruling ("AR") 97-4(9) 1997 WL 742758 at *3 (S.S.A. Dec. 3, 1997), the ALJ considered whether Plaintiff had shown "changed circumstances" from the date her prior application for disability benefits was denied. She concluded that Plaintiff had overcome the presumption of continuing non-disability by establishing additional impairments that were not considered in the previous application. Tr. 19.

At the first step of her disability analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her application date of April 20, 2010.

At the second step, the ALJ found that Plaintiff had the following severe impairments: depressive disorder, NOS; anxiety disorder, NOS; mild degenerative disc disease of the cervical and lumbar spine, status post laminectomy at C5-6; obesity; intermittent tremor; pain disorder with physical and psychological factors; and carpal tunnel syndrome. Tr. 20.

At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled a presumptively disabling impairment set out in the Listings,

20 C.F.R. Part 404, Subpart P, App. 1.

The ALJ next assessed Plaintiff's residual functional capacity (RFC). She found that Plaintiff retains the capacity to perform light exertional level work subject to the following limitations: she requires the option to sit or stand at will while still performing essential tasks; can frequently climb ramps and stairs, and stoop, crouch, crawl and kneel; must avoid climbing ladders, ropes or scaffolds; can engage in frequent, but not constant, handling and fingering bilaterally; should not work in a job requiring contact with the public or teamwork assignments; can understand, remember, and carry out simple instructions that can be learned in 30 days or less and must avoid exposure to workplace hazards, such as unprotected heights or large moving equipment. Tr. 23. In making her determination, the ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible. Tr. 24.

Based upon the testimony of the VE, at the fourth step of her disability analysis, the ALJ found that Plaintiff was unable to perform any of her past relevant work.

At the fifth step, the ALJ found that Plaintiff could perform other jobs that existed in significant numbers in the national economy. Based upon VE's testimony, she cited merchandise marker, garment sorter and mail sorter as examples of such work. Having concluded that Plaintiff could perform this work, the ALJ found that she had not been under a disability within the meaning of the Act since April 20, 2010, the date the application for benefits was filed.

**<u>Standard of Review</u>**

A claimant is disabled if he or she is unable "to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C.

§ 423(d)(1)(A).  Claimants bear the initial burden of establishing disability.  Roberts v. Shalala,
66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996).  The Commissioner bears
the burden of developing the record,  DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991),
and bears the burden of establishing that a claimant can perform "other work" at Step Five of the
disability analysis process.  Tackett, 180 F.3d at 1098.

The district court must affirm the Commissioner's decision if it is based on proper legal
standards and the findings are supported by substantial evidence in the record as a whole.
42 U.S.C. § 405(g); see also Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).
"Substantial evidence means more than a mere scintilla but less than a preponderance; it is such
relevant evidence as a reasonable mind might accept as adequate to support a conclusion."
Andrews, 53 F.3d at 1039.  The court must weigh all of the evidence, whether it supports or
detracts from the Commissioner's decision.  Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir.
1986).  The Commissioner's decision must be upheld, however, even if "the evidence is
susceptible to more than one rational interpretation."  Andrews, 53 F.3d at 1039-40.

### Discussion

Plaintiff contends that the ALJ erred by not including in her RFC assessment any
workplace restrictions caused by carpal tunnel syndrome. Plaintiff also contends that the ALJ
failed to develop the administrative record.

### I. ALJ's RFC Assessment

The ALJ is responsible for determining a claimant's residual functional capacity. 20
C.F.R. § 404.1546; SSR 96–5p. In doing so, the ALJ is required to consider the record as a
whole, and to explain the weighing of the medical evidence and testimony concerning the
claimant's residual functional capacity. SSR 96–5p. In analyzing a claimant's residual functional

capacity, an ALJ may consider whether a claimant's subjective complaints are inconsistent with the record, Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir.2005); and need not include opinion evidence that is properly discounted. Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir.2004).

Plaintiff asserts that, in crafting her RFC, the ALJ failed to incorporate any workplace restrictions related to her carpal tunnel syndrome despite "evidence of disability." Pl. Brief at 8. Plaintiff argues that the ALJ "ignored carpal tunnel syndrome entirely" because she linked Plaintiff's RFC limitations in fingering and handling to her intermittent tremor condition.  Id.

Contrary to Plaintiff's assertion, the ALJ's decision did not "ignore[] carpal tunnel syndrome entirely." The ALJ listed carpal tunnel syndrome as one of Plaintiff's severe impairments. She noted that medical records "documented her subjective complaints of 'diffuse pain symptoms mostly in the joint with some symptoms suggestive of carpal tunnel syndrome.'" Tr. 24 (citing Tr. 418).The ALJ also noted, as Plaintiff points out, that Plaintiff reported difficulty lifting more than three pounds and that occupational therapist, Christopher Park, noted in his functional capacity evaluation that Plaintiff was unable to complete grip strength testing due to "burning pain" in her left arm. Tr. 24-25.

Importantly, however, the ALJ also found Plaintiff's statements regarding the intensity, persistence and limiting effects of her symptoms to be "not entirely credible," a finding which Plaintiff does not challenge. Furthermore, the ALJ observed that Mr. Park noted a "dramatic inconsistency" between Plaintiff's performances on other tests administered during the evaluation and ultimately terminated the evaluation based on evidence of inconsistencies in her performance and poor effort. Tr. 536. The ALJ's decision reflects that she considered, but then

discounted as inconsistent with the record as a whole, the evidence Plaintiff cites regarding the severity of her carpal tunnel syndrome symptoms.

If the ALJ has applied the proper legal standard and the decision is supported by substantial evidence, the RFC assessment must be affirmed. E.g., Bayliss, 427 F.3d at 1217. A thorough review of the record supports the ALJ's RFC determination. The same 2010 medical records that the ALJ referenced as documenting Plaintiff's subjective complaints of symptoms suggestive of carpal tunnel syndrome also document that the results of multiple imaging studies were normal. Tr. 418. Treatment notes from 2013 reflect that wrist splints Plaintiff wore appeared to be controlling her symptoms, her symptoms had "improved," and treatment was "going well." Tr. 612, 614, 630, 632, 636. At various examinations, Plaintiff demonstrated normal grip strength and motor skills, her grasping ability was "[c]ompletely intact," and she was able to grip and hold objects and manipulate both large and small objects. Tr. 434-435, 504, 509, 522, 567. Plaintiff identifies no substantial evidence to support her assertion that carpal tunnel syndrome imposed any limitations greater than those included in her RFC.

Here, the ALJ adequately discussed the reasons underlying her RFC assessment and accounted for those limitations which were supported by the record. Accordingly, the ALJ's RFC is affirmed. E.g., Bayliss, 427 F.3d at 1217-18 (in making an RFC determination, ALJ need only include those limitations supported by the record and not dependent on a claimant's subjective complaints).

## II. **Development of the Record**

Plaintiff contends that the ALJ failed to adequately develop the record regarding her need to use a cane for balance. She argues that the ALJ disregarded the full testimony of impartial

medical expert, Dr. William DeBolt, and erred in not requiring Plaintiff to undergo testing in addition to a neuropsychological evaluation.

At the initial hearing before the ALJ, Dr. DeBolt testified that medical records showed that Plaintiff chose to use a cane but it had never been prescribed by a physician. Tr. 74. Dr. DeBolt testified that there was no objective medical evidence to support Plaintiff's claims of weakness in her legs, or difficulty supporting her weight or walking. Id. He further testified that there was no evidence in the record of any neurological condition that would produce intermittent symptoms and findings and there was no evidence of any degenerative neurological condition. Id. The ALJ asked if there was any testing he would recommend given the symptomology in Plaintiff's lower extremities. Dr. DeBolt commented that multiple sclerosis "keeps rising in the back of [the] examiner's mind" and that there were several options for testing but that recommending such testing was a "difficult issue" given the drastic differences in her neurological examinations over time. Id. Plaintiff's counsel later asked whether there were any other potential organic or psychological diagnoses that could be explored. Dr. DeBolt responded that somatoform disorder, a psychological condition, could possibly explain Plaintiff's symptomology. Tr. 76. He then recommended a neuropsychological evaluation, which the ALJ subsequently ordered the Plaintiff to attend. Tr. 76, 81.

An ALJ has a duty to help develop the record. Armstrong v. Comm'r, 160 F.3d 587, 589 (9th Cir.1998); 20 C.F.R. §§ 404.1512(d)-(f). However, the duty to "'conduct an appropriate inquiry'" is triggered only where the record contains "[a]mbiguous evidence" or the ALJ has found "the record is inadequate to allow for proper evaluation of the evidence." Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir.2001) (citations omitted). The ALJ can further develop the record, if necessary, by subpoenaing medical records or submitting questions to a claimant's

doctors, continuing the hearing, or keeping the record open after a hearing to allow for supplementation of the record. Id. An ALJ generally has broad discretion to determine when a consultative examination is needed. Reed v. Massanari, 270 F.3d 838, 842 (9th Cir.2001). Such an examination is necessary only if the evidence as a whole is not sufficient to support a decision on a claim of disability. 20 C.F.R. § 404.1519a(b).

The Commissioner argues first that Plaintiff has failed to preserve this issue for appeal. She notes that although Plaintiff was represented by counsel at both administrative hearings, neither Plaintiff nor her attorney voiced concerns at either hearing regarding development of the record or the type of additional testing ordered by the ALJ and Plaintiff did not obtain the tests herself when she had an opportunity to do so. Thus, according to the Commissioner, Plaintiff cannot now challenge the ALJ's decision to proceed as she did.

I agree. When represented by counsel, claimants "must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999). Plaintiff is represented here by the same attorney who represented her before the ALJ in both administrative hearings. A review of the hearing testimony reveals that there was ample opportunity to question Dr. DeBolt, request additional testing or raise concerns regarding development of the record. Plaintiff did not raise this issue at the time of the hearing and is, therefore, precluded from doing so now. Meanel, 172 F.3d at 115.

In any event, even if I were to conclude that Plaintiff had not waived the issue by not raising it, I find no evidence to support her claim that the administrative record was deficient such that the ALJ's duty to further develop the record was triggered. As noted above, Plaintiff had never been prescribed a cane by any medical provider. "To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a

hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed." SSR 96-9P available at 1996 WL 374185, *7. In addition, there was no objective medical evidence to support Plaintiff's alleged lower extremity symptomology. Tr. 73-74. Furthermore, the record shows that Plaintiff tested negative for both multiple sclerosis and somatoform disorder. Tr. 596-97, 550. The ALJ continued Plaintiff's hearing after receiving Dr. DeBolt's testimony and ordered a neuropsychological evaluation as was recommended. Under the circumstances, nothing more was required.

Here, substantial evidence in the record supports the ALJ's conclusion that the existing evidence was adequate to allow for an accurate evaluation of Plaintiff's symptomology and its effect on her ability to perform work related functions. Accordingly, the ALJ did not err in concluding that Plaintiff' use of a cane was not medically necessary. Nor did she err by failing to seek further information or to request additional testing.

## Conclusion

For the reasons set forth above, the Commissioner's decision is AFFIRMED and this action is DISMISSED with prejudice.

DATED this 19th day of December, 2016.


                              _____/s/ John Jelderks_____
                              John Jelderks
                              U.S. Magistrate Judge


OPINION AND ORDER – 12